UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ALFRED WILLIAMS COMER, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:13-cv-350-WTL-WGH |
| LT. T. DAVIS, et al., | ) |
| Defendants. | ) |

**Entry Denying Motion to Dismiss**

Plaintiff Alfred Williams Comer brings this lawsuit pursuant to 42 U.S.C. § 1983 and state tort law alleging that the defendants violated his constitutional rights when they assaulted him and retaliated against him when he attempted to report the assault. Defendant Officer David Moehlmann moves to dismiss the state law claims of assault and battery against him, arguing that he is immune from suit under the Indiana Tort Claims Act.

**I. Standard**

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir.2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the inference the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. In assessing a motion to dismiss, the Court accepts as true the plaintiff's well-pleaded facts and construes them in the light most

favorable to the plaintiff. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). Furthermore, "[a] document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. Discussion

Comer's assault and battery claim against Officer Moehlman is that he slapped him on the buttocks. Moehlman moves to dismiss Comer's tort claim based on his immunity under the Indiana Tort Claims Act. *See* Ind. Code § 34-13-3-5(b). This Act provides government employees with immunity from liability for tort claims when they are acting within the scope of their employment. "'The purpose of immunity is to ensure that public employees can exercise their independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of their employment.'" *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 452 (Ind. 2000) (quoting *Indiana Dept. of Correction v. Stagg,* 556 N.E.2d 1338, 1343 (Ind. Ct. App. 1990)). The scope of employment includes conduct "'of the kind [a servant] is employed to perform,' occurring 'substantially within the authorized time and space limits,' and 'actuated, at least in part, by a purpose to serve the master,' but as excluding an intentional use of force 'unexpectable by the master.'" *Id.* at 453 (quoting *Faragher v. City of Boca Raton,* 524 U.S. 775, 793 (1998)).

Moehlmann argues that he is immune from tort immunity because Comer's allegations against him relate to actions he took within the scope of his employment. Moehlmann also argues that by not asserting that his actions were (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally, Comer has failed to properly plead a tort claim against him. *See* Ind. Code

§ 34-13-3-5(c). He further asserts that Comer has failed to present a reasonable factual basis for his tort claim as required by the statute. *See id.* Moehlmann admits, however, that Comer's allegation that Moehlmann hit him on the buttocks may support an assault and battery claim against a non-governmental employee if accepted as true. Comer responds by asserting the Moehlmann's actions were malicious, willful, wanton, and calculated to benefit Officer Moehlmann.

As explained, actions within the scope of a person's employment exclude an "intentional use of force 'unexpectable by the master.'" Comer's allegation that Moehlmann slapped him on the buttocks may fall within this exclusion. Such a determination cannot be made at the pleading stage. Further, Comer's failure to use the words "malicious, willful, wanton, and calculated to benefit Officer Moehlmann" do not defeat a reasonable inference that such actions were such. The Court therefore cannot find, at the pleading stage, that Comer's tort claim against Moehlmann is barred by the Indiana Tort Claims Act. Accordingly, Moehlmann's motion to dismiss [dkt 36] is **denied**.

**IT IS SO ORDERED.**

Date: 9/17/14

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Alfred Williams Comer, Jr., 101378
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel