# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| ALFRED WILLIAMS COMER, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:13-cv-350-WTL-WGH |
| LT. T. DAVIS, et al., | ) |
| Defendants. | ) |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Alfred Williams Comer brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights when they assaulted him and retaliated against him when he attempted to report the assault. The defendants move for summary judgment arguing that Comer failed to exhaust his available administrative remedies with respect to these claims.

## I. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l–Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, neither the "mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts

will defeat a motion for summary judgment." *Michas v. Health Cost Controls of Ill., Inc.,* 209 F.3d 687, 692 (7th Cir. 2000) (internal quotes omitted).

## II. Statement of Facts

The following statement of facts is assessed consistent with the standard set forth above. That is, as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Comer as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

Comer, an Indiana prisoner currently incarcerated at the Wabash Valley Correctional Facility ("Wabash Valley"), sues alleging that defendant Officer Moehlmann conducted a search on him in a sexual and/or harassing manner in violation of the Eighth Amendment and that defendants Lt. Davis and Counselor Williams retaliated against him in violation of the First Amendment after he threatened to sue or complain about this conduct.

The Indiana Department of Correction ("DOC") has a grievance policy related to the claims at issue in Comer's complaint. The policy includes three steps: an informal complaint, a formal, written grievance, and an appeal. All three steps must be concluded to complete the grievance process.

Comer did not submit any grievances related to the alleged sexual assault or the alleged retaliation. Comer did, however, request grievance forms from his Counselor Williams but did not receive a grievance form. Williams denied Comer's request because he believed it to be a challenge to disciplinary action taken against him. While Grievance Specialist Teresa Littlejohn asserts that Comer never requested a grievance form from her, Comer alleges that he did request a form from her and that this request was denied.

### III. Discussion

The defendants argue that Comer's claims must be dismissed because he failed to exhaust his available administrative remedies with respect to those claims. Comer argues that his attempts at exhausting his administrative remedies were thwarted when he requested a grievance form and did not receive one.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp,* 458 F.3d 678, 684 (7th Cir. 2006). "Prison officials may not take unfair advantage of the exhaustion

requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Based on the evidence presented, there is no apparent dispute that Comer failed to fully exhaust his administrative remedies as to the claims raised in his complaint. What is disputed is whether the administrative remedy process was made unavailable by the conduct of Comer's counselor or the grievance specialist in allegedly refusing to provide Comer with grievance forms. This dispute makes summary judgment inappropriate. The defendants' motion for summary judgment [dkt 45] is therefore **denied**.

### IV. Further Proceedings

To resolve this dispute an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir 2008), will be conducted.

Comer shall have **through October 10, 2014** in which to notify the Court regarding whether he seeks the Court's assistance in recruiting counsel to represent him at the *Pavey* hearing. He shall describe in such report what efforts he has made to secure private counsel on his own.

**IT IS SO ORDERED.**

Date: 9/23/14

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Alfred Williams Comer, Jr., 101378
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel